**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1683**

MARIUS SOUROU DJIDONOU,

              Petitioner,

         v.

LORETTA E. LYNCH, Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  March 17, 2016          Decided:  April 7, 2016

Before MOTZ and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Godwill C. Tachi, THE TACHI LAW FIRM, LLC, Greenbelt, Maryland, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Douglas E. Ginsburg, Assistant Director, Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marius Sourou Djidonou, a native and citizen of Benin, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.[*]

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that h[is] life or freedom would be threatened in the country of removal because of h[is] race, religion, nationality, membership in a particular social group, or political opinion." Gomis v. Holder, 571 F.3d 353, 359 (4th Cir. 2009) (internal quotation marks omitted); see 8 U.S.C. § 1231(b)(3)(A) (2012). To be eligible for withholding of removal, an alien "must show a 'clear probability of persecution' on account of a protected ground." Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011) (quoting INS v. Stevic, 467 U.S. 407, 430 (1984)). "[I]f an alien establishes eligibility for withholding of removal, the

---

[*] Djidonou does not challenge the finding that he is statutorily ineligible for asylum. Thus, he has waived review of this claim. Suarez-Valenzuela v. Holder, 714 F.3d 241, 248-49 (4th Cir. 2013) (failing to raise challenge to Board's ruling or finding in opening brief waives issue).

2

grant is mandatory." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353-54 (4th Cir. 2006).

To qualify for protection under the CAT, an alien must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2015). To state a prima facie case for relief under the CAT, an alien must show that he will be subjected to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2015); see Saintha v. Mukasey, 516 F.3d 243, 246 & n.2 (4th Cir. 2008).

We review factual findings for substantial evidence, "reversing only if the evidence compels a contrary finding"; questions of law we review de novo. Pastora v. Holder, 737 F.3d 902, 905 (4th Cir. 2013) (citing 8 U.S.C. § 1252(b)(4)(B) (2012)). Because the Board adopted and affirmed the IJ's decision, we review both decisions. See Hernandez-Avalos v. Lynch, 784 F.3d 944, 948 (4th Cir. 2015).

An adverse credibility determination, as a finding of fact, we review for substantial evidence, giving broad deference to the Board's credibility determination. "[T]he agency must provide specific, cogent reasons for making an adverse credibility determination," but "[t]he existence of only a few

3

[] inconsistencies, omissions, or contradictions can be sufficient" to support such a determination. Djadjou, 662 F.3d at 273-74.

We note that the IJ "is not required to accept every plausible explanation offered by an asylum applicant" for inconsistencies. Hui Pan v. Holder, 737 F.3d 921, 930 (4th Cir. 2013). Where the record supports two plausible results, one chosen by the IJ and the other advanced by the alien, reversal is appropriate only if the record compels the court to accept the alien's explanation. Niang v. Gonzales, 492 F.3d 505, 511 (4th Cir. 2007). Here, although Djidonou plausibly asserts confusion for some of his contradictory testimony, we conclude that substantial evidence supports the IJ's credibility finding. Also, the State Department's reports, which here contradict Djidonou's testimony as to the political situation in Benin, are considered "highly probative evidence in a well-founded fear case," and "will generally suffice to uphold the Board's decision." Gonahasa v. INS, 181 F.3d 538, 542 (4th Cir. 1999).

Even in light of the adverse credibility finding, Djidonou could still be granted relief if he "presented adequate independent documentary evidence" to establish eligibility. Ilunga v. Holder, 777 F.3d 199, 213 (4th Cir. 2015). Djidonou "may meet his [] burden by presenting a consistent body of circumstantial evidence." Id. We conclude that substantial

evidence supports the finding that Djidonou's independent evidence did not sufficiently rehabilitate his discredited testimony or independently satisfy his burden of proof on either his withholding claim or his CAT claim.

Djidonou also challenges the finding that he filed a frivolous asylum application. An alien who "has knowingly made a frivolous application for asylum," after having been informed of the consequences of doing so, is "permanently ineligible" for immigration benefits. 8 U.S.C. § 1158(d)(6) (2012). An asylum application is frivolous "if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20 (2015). "Because of the severe consequences that flow from a frivolousness finding, the preponderance of the evidence must support an [IJ's] finding that the respondent knowingly and deliberately fabricated material elements of the claim." In re: Y-L-, 24 I. & N. Dec. 151, 157 (B.I.A. 2007). We conclude that the weight of the evidence in this case supports the finding that Djidonou submitted a frivolous asylum application.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

5